COMMONWEALTH *vs.* LEO JAMES SMOTHERS. July 10, 1979. This is an interlocutory appeal by the Commonwealth (see G. L. c. 278, § 28E) from an order entered in the Superior Court suppressing a .38 caliber revolver which the police found, fully loaded, in a frisk of the defendant at 3:30 A.M. in Boston's "Combat Zone." The judge did not err in ruling on the basis of his findings that the police officers lacked "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant[ed] that intrusion." *Terry* v. *Ohio*, 392 U.S. 1, 21 (1968). *Commonwealth* v. *Silva*, 366 Mass. 402, 406 (1974). *Commonwealth* v. *Ling*, 370 Mass. 238, 240 (1976). The description furnished by Officer Panasuk (six-foot black male, 160 pounds, short hair, black mustache, wearing a tan three-piece suit) an hour earlier was not sufficiently matched up by the defendant, who is apparently black but had a goatee and wore tan pants and a brown warm-up jacket; and the testimony by the police officers concerning the defendant's suspicious behavior was disbelieved by the judge, who found that the "[d]efendant's conduct just prior to the stop was not suspicious." A contrary finding lay at the heart of the decision in *United States* v. *Jeffers*, 382 F. Supp. 433 (N.D. Ind. 1974); and in that case, moreover, the police officer had seen the butt of the partially concealed weapon before he initiated the stop. The order of the judge allowing the motion to suppress evidence is affirmed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Clyde R. W. Garrigan*, Special Assistant District Attorney, for the Commonwealth.
*Marie T. Buckley* for the defendant.